CASE 31.—PETITION ORDINARY—FEBRUARY 29.

# S. J. Poston v. J. W. Smith's executor.

8bu589
119  711

### APPEAL FROM HARDIN CIRCUIT COURT.

1. OBSTRUCTING SUIT BY DEPARTING FROM THE STATE.

    *Absence from the state for nearly nine years* obstructed the prosecution of an action, although suit might have been instituted against the defendant on the notes in controversy before he left and after his return to the state, and the time of such absence should not be computed as any part of the period within which the action may be brought. (Article 4, chapter 63, Revised Statutes, 2 Stanton, 133.)

2. ON THE PLEA OF PAYMENT the jury should be allowed to take into consideration the lapse of time from the execution of the notes, the pecuniary condition of the parties, and the business relations between them, as well as other facts and circumstances proven in the case.

3. *Mere lapse of time* is not of itself presumptive evidence of payment unless it amounts to a statutory bar.

4. EXCEPTIONS TO INSTRUCTIONS—WHAT IS SUFFICIENT.

    "The plaintiff moved for instructions Nos. 1, 2, 3, which were given, to which defendant excepted, and still excepts." This was sufficient.

5. *Objection by the adverse party* to an instruction before it is given by the court *is not necessary* to make available his exception to such instruction made at the time it was given by the court.

6. *Objection and exception* are not both required by the Code to the same ruling of the court.

7. *An exception is an objection,* and when made at the time the instruction is given is within the spirit and meaning of the Code, and can be made available by the party excepting in the Court of Appeals. (Civil Code, sections 363, 364.)

8. *An exception taken at the time the decision is made* is all that the Code requires.

9. *Long* v. *Hughes,* 1 Duvall, 387, holding that it was essential that it should appear that the instructions were both objected to before given and excepted to when given by the court, *is overruled so far as it conflicts with the opinion in this case.*

BROWN & MURRAY, ⎫
C. G. WINTERSMITH, ⎭ . . . . . . . For Appellant,

CITED

Revised Statutes, 2 Stanton, 133.
16 B. Monroe, 417, Ridgely v. Price.
17 B. Monroe, 359, Bennett, &c. v. Devlin.
4 Bush, 538, Vandiver v. Hodge's adm'r.
2 Marshall, 22, Sneed v. Hall.
2 Bush, 63.        7 Cranch, 202.

M. H. COFER, . . . . . . . . . . . For Appellee,

CITED

1 Duvall, 388, Long v. Hughes.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an action by the appellee, as executor of the will of J. W. Smith, against the appellant upon two notes executed by the latter to Smith in his life-time, amounting in the aggregate to sixteen hundred dollars, and due in the years 1850 and 1851.

The appellant is relying on the plea of payment and the statute of limitation. As to the latter defense, the proof shows that the appellant was absent from the state nearly nine years, and although suit might have been instituted against him before he left, and after his return to Kentucky, his absence from the state was of such long duration as amounted

to an obstruction of the prosecution of an action for the recovery of the notes in controversy, and this time should not be computed as any part of the period in which the action must have been instituted. If such an absence from the state is not an obstruction, we can scarcely conceive a case where the ninth section of article 4, chapter 63, title "Limitation," Revised Statutes, 2 Stanton, 133, could be made to apply. The instruction therefore given by the court, by which the time the appellant was absent from the state was not to be computed, contained the law of the case. We see no valid objection to the ruling of the court below in giving or refusing instructions, except as to instruction No. 3, given at the instance of the plaintiff. The jury were told in this instruction that in considering the question of payment they had no right to take into consideration the deed of trust made to appellee and the property placed in his hands for the payment of these very notes by the appellant.

It seems that the appellant before he left the state placed in the hands of the appellee, by a regular deed of assignment, a large estate, consisting of lands, choses in action, etc., for the payment of his (appellant's) debts, and among the debts specified were the notes filed in this suit. Nearly twenty years had elapsed from the date of this assignment and the date of the note to the bringing of this action, and no account, so far as this record shows, had ever been made by the appellee of his acts as agent or assignee by reason of the assignment. Not only had this large estate been left in appellee's hands, but the appellant had actually paid a part of the notes in less than a year after their execution. All these circumstances combined should have gone to the jury upon the question of payment, and were improperly excluded. The jury should have been allowed upon the issue made to take into consideration the lapse of time from the execution of the notes, the deed of trust to the appellee, and the amount

of property therein for the payment of debts, the pecuniary condition of the parties, and the business relations between them, as well as all other facts and circumstances proven in the case.

While mere lapse of time may be a circumstance conducing, together with other facts, to show payment, it is not of itself presumptive evidence of payment unless it amounts to a statutory bar. The court very properly refused the instruction asked for by defendant's counsel, in which it is insisted that the jury had the right to presume payment from mere lapse of time.

The only question presented in this record of any difficulty arises from the objection made by counsel for appellee, in which it is urged that this court can not consider the questions raised upon the instructions, for the reason that no proper exception was taken by counsel for appellant in the court below. The exception is as follows: "The plaintiff moved for instructions Nos. 1, 2, and 3, which were given, to which defendant excepted, and still excepts."

It is insisted that this exception is not sufficient, for the reason that no objection was made by the appellant's counsel to the giving of the instructions, and that to make such an exception available there must be an objection to the giving of the instructions, and an exception to the overruling of the objection.

The Code of Practice, sections 363, 364, page 105, reads as follows: "An exception is an objection taken to a decision of the court upon a matter of law. The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing," etc.

There is nothing in either of the sections referred to requiring the party, when his adversary offers an instruction, to make his objections before he hears the instruction read, or before the instruction is given. The giving of the instruction

is a decision of the law of the case by the court, and to this decision the exception must be taken and made at the time the decision is rendered. An objection made at the time the instruction is offered is not such an exception as is required by the Code, for the reason that no exception is made available until the court renders the decision upon the legal question involved, and then it is proper to make the exception. The Code does not require that there shall be both an objection and an exception to the same ruling. An exception is an objection, and when made at the time the instruction complained of is given is within the spirit and meaning of the Code, and can be made available by the party excepting in this court.

In the case of Kennedy v. Cunningham (2 Metcalfe, 539) no objection was made, or exception taken, at the time the decision was rendered. In the case of Cox v. Winston (3 Metcalfe, 577) the party objected to the instructions, but failed to except. In the case of Long v. Hughes (1 Duvall, 387) it is intimated by this court that there must be not only an objection to the instructions, but an exception also. Such a rule of practice, it seems to us, is not warranted by the provisions of the Code referred to. When an exception is taken at the time the decision is rendered it is all the Code requires. Any other rule would require of a party more than the law itself demands.

Each party to the suit, as well as the court, is fully apprised of the error, if any, committed by the exception made at the time, and may correct it as readily as if there was not only an exception but an objection also. The exception therefore was properly taken to the instructions given and refused by the court. The only authority apparently in conflict with this opinion is the dicta of this court in the case of Long v. Hughes (1 Duvall, 387), and that opinion, so far as it conflicts with the law as settled in this case, is overruled.

Vol. VIII.—39

The court below having erred in giving instruction No. 3 to the jury, the judgment must be reversed, and the cause remanded with directions to the court below to award to the appellant a new trial, and for further proceedings consistent with this opinion.