*W. D. Greer, for appellant.*

------------

ISAAC COOPER, ET AL., *v.* C. F. THOMAS, ET AL.

**Damages—Measure of Damages—Exceptions.**
    In a damage suit plaintiff is entitled only to recover for damages sustained prior to the commencement of his action.

**Measure of Damages.**
    In an action for damages for injury to a building, the plaintiff is entitled not only to recover the cost of repairing the injury, but also for any diminution in the value of the use of the property resulting from such injury.

**Exceptions.**
    To be available on appeal an exception to the action of the court in giving instructions asked for by appellees, must be taken at the time, and not after the motion for new trial had been overruled.

APPEAL FROM KENTON CIRCUIT COURT.

February 18, 1875.

Opinion by Judge Cofer:

Even if the refusal of the court to strike out that part of the petition indicated by the motion of appellants, or its refusal to allow the amended answer offered by them to be filed, was erroneous, yet the error did not prejudice their rights, or prevent them from having a fair trial. The court, in instructing the jury, told them that they could not find for the appellees except for damage sustained prior to the commencement of the action.

The barrier put up by appellants to prevent the snow and ice from falling off the church on to appellees' house was not erected until after the commencement of the action, and evidence showing its sufficiency was therefore properly rejected as irrelevant.

The appellants failed to except to the action of the court in giving instructions asked for by the appellees until after their motion for a new trial had been overruled.

The objection made by appellants to the giving of the instructions is not sufficient, because, as said by this court in *Poston v. Smith's Ex'r,* 8 Bush 589, it "is not such an exception as is required by the Code, for the reason that no exception is made available until the court renders the decision upon the legal question involved, and then it is proper to make the exceptions." The same distinction was recognized in *Cox v. Winston,* 3 Met. 577.

The only instruction asked by the appellants and refused by the court was properly rejected. It required the jury, before they could find for the appellees, to believe from the evidence that the injury to their house was in consequence of the defective construction of the church edifice, and it restricted the recovery to the cost of putting the building in the same state of repair it was in before the injury occurred.

It was immaterial whether the falling of the snow and ice on to appellees' house was occasioned by defective construction or not. No matter how well or how carefully appellants' church may have been erected, they were responsible for the actual damage sustained by the appellees in consequence of the falling of large bodies of snow or ice off their house, on to the house of their neighbor.

If appellees had a right to recover anything, they had not only a right to be reimbursed the actual cost of repairing the injury done in consequence of the fall of snow and ice, but also to recover for

any diminution of the value of the use of the property, resulting from such injury. The evidence tended to prove not only that the value of the use was actually diminished by the injury done, but that it was also diminished by the impending danger during the whole of the winter season.

The injuries to the appellees' property were of that character, which it is the peculiar province of the jury to estimate; and as they not only heard the evidence which is before us, but made two visits to the buildings, and had an opportunity to judge for themselves of the nature and extent of the damage done, we cannot say that their finding was exorbitant.

Wherefore the judgment is *affirmed*.

*Benton & Benton, M. J. Dudley, for appellants.*
*Charles Eginton, for appellees.*