CHIEF JUSTICE PRYOR
delivered the opinion oe the court.
By several acts of the legislature approved iu the year 1873 the county of Warren was authorized to issue its bonds to pay off the county indebtedness and for other purposes, the amount of the issue being limited; and the bonds to be signed by the county judge, countersigned by the county clerk, with the county seal annexed, the interest coupons to be signed alone by the clerk. A certain number of bonds were issued as authorized by this legislation, made payable to bearer, placed on the market, and many of them sold. The bonds, when issued, were to be delivered to the treasurer of the sink-, ing-fund commissioners, and in what manner they were disposed of does not clearly appear.
■ The bonds were made payable at a fixed time, bearing interest, with coupons attached, and had been directed to be issued as provided by the several acts.
The appellants Loving and others purchased from certain bond-brokers, for value, a number of bonds, purporting on their face to be Warren County bonds, and to have been issued *319 under the provisions of said acts. The holders of these bonds, claiming to have purchased them in good faith, and that the bonds ¿re genuine, instituted this action in the Jefferson Common Pleas Court, alleging the non-payment of the interest due on the coupons attached to the bonds, and the refusal of the county to make payment, although often demanded so to do.
The county filed as a defense to the action a plea of non estfaotum, denying the execution of the bonds, or the coupons attached, by the defendant, or by any one authorized to execute the same. It denies that the coupons were attached to any bond or bonds of the county, or that the coupons or the bonds to which they were attached were ever issued by the county or placed on the market or sold by the defendant or by any one authorized by the defendant, or that the bonds and coupons are, or either of them, the act and deed of the defendant, but are fictitious and forgeries. It is also specially denied that the signature to the bonds is that of the county judge, or that he authorized any one to affix his name thereto.
After hearing the evidence on the part of the plaintiffs (appellants) in the court below, the court on motion instructed the jury to find for the defendant. Preliminary to the consideration of the question raised by the peremptory instruction, it is necessary to dispose of the objection made by the counsel to the bill of exceptions filed by the appellants. It is insisted that under subsection 3 of section 333, Bullitt’s Code, the rule of practice has been changed with reference to exceptions, and that as the appellants failed to object to the motion made by counsel for the appellee for the peremptory instruction, it can not be assigned as error in this court. Under the Code of 1854 it was heM in more than one case that an exception by a party to a decision made at the instance of the adverse party was unavailing, unless an objection had *320 -been first made to the motion or request of the adverse party. In the case of Poston v. Smith’s executors, reported in 8 Bush, 589, a contrary rule was established, and it was there held that an exception was an objection, and an exception taken at the time the decision was rendered was in compliance with the provisions of the Code, and it was not essential that the bill of exceptions should show an objection to the instructions offered, and also an exception when given.
The present Code, by section 333, provides “ An exception is an objection taken to a decision of the court upon a matter of law.” Subsection 2, “ A party may, without a previous objection, except to a decision against him, unless it be made at the instance of the adverse party.” Subsection 3, “ But a party can not except to a decision made at the instance of the adverse party, unless objection shall have been made to the motion, offer, or request, of the adverse party.”
It is manifest that the revisors of the present Code intended to change the rule of practice established by this court in the case of Poston v. Smith’s ex’rs, and regarding the- old rule as safer to the practitioner and more conducive to the proper administration of justice, have said in express language that “ a party can not except to a decision at the instance of the adverse party unless objection shall have been made to the motion, offer, or request of the adverse party.” This rule only applies where the decision is made at the instance or on the motion of the adverse party. In all other cases an exception may be taken without an objection, as provided by subsection 2 of section 333.
That an objection must be made to an instruction given on the motion of the adversary as well as an exception, so as to make the error complained' of a ground for reversal in this court, is as much required by this provision of the Code as any other offer, motion, or request. The cases in which the rule was formerly established originated from a failure to ob *321 ject to instructions, and that such motions are embraced by the provisions of the Code can not be doubted.
The motion in this case, however, if sustained, was equivalent to a judgment for the defendant, and in construing these provisions of the Code it can not be maintained that an objection or an exception to a motion for a judgment is necessary to enable a party to complain of the error on appeal. The motion was in effect a demurrer to the evidence; the case was taken from the jury and submitted to the court, and the motion being sustained, the only alternative was a finding for the defendant or a nonsuit. The jury had nothing to decide. It-was a decision by the court upon the law and facts that no recovery could be had. Under the old practice when this court required (as is now required by the new Code) both an objection and an exception, it was held in a case where a demurrer had beeü sustained to the answer and no exception reserved, that the issue of law raised by the demurrer having been decided adverse to the defendant, it was in effect a final judgment, and no exception was necessary to the action of the court in sustaining the demurrer. Whether such a construction would be given the section of the present Code on the subject, is not now before the court. The objection to the answer might have been cured by an amendment, but when it is insisted the plaintiff is without evidence to support his claim, and it is so adjudged, he is without remedy, and he must abandon his action, or a final judgment against him is the necessary result. Neither an objection or an exception in our opinion, was necessary to enable the party to complain of an error in giving the peremptory instruction. (Coffman v. Wilson, 2 Met. 542.) The question then arises, did the court below err in instructing the jury to find for the defendant?
The answer of the defendant was sufficient, in our opinion, to place the burden on the plaintiffs of showing the validity *322 of both the bonds, and coupons attached, in order to a recovery. If'the bonds were forgeries, the coupons attached created no obligation on the county to pay.
It was incumbent on the appellants (the plaintiffs) to prove that the bonds to which these coupons were annexed, and that were offered by them as evidence on the trial, were the bonds of the county of Warren, and in doing this, it must appear that they were executed as required by the legislative enactment. A mere irregularity in the execution of the bonds could not affect the rights of the parties, but if forgeries, no liability can exist. The bonds are required to be signed by the county judge and countersigned by the county clerk, with the seal of the county affixed.
The evidence in this case shows that the coupons were signed by the county clerk and the bonds countersigned by that official, with the county seal annexed, and in addition that these coupons, or some of them, had been paid by the county upon presentation to its agent, and with the knowledge of some of the county officials.
It is true the signature of the county judge is not proved, but the inquiry is, whether the plaintiffs have adduced evidence sufficient to authorize a jury to pass on the question of fact raised by the pleadings.
In order to show that the bonds are genuine, the appellants have proved that the coupons were signed by the clerk, the party authorized to sign them; that he had countersigned the bonds, and affixed the seal of the court. These facts constitute some evidence, at least, that the name of the county judge was genuine, and when you add to this the fact that several of the coupons have been paid, it conduced to sustain the plaintiffs’ side of the issue, and should have gone to the jury.
It appears that many bonds were issued, and in the light of this testimony this court can not say that the bonds in con *323 troversy are not embraced within the legitimate issue of bonds by the county.
It is true that the appellee, through its officials, says that as soon as they discovered the forgery no other payment of the coupons was made, and that the payments previously made were made in ignorance of the fact that the bonds were forgeries. This may doubtless be so, still it was a question for the jury? and as there is nothing in the record conflicting with the testimony of the plaintiffs, the court had no right to presume that the bonds were not genuine, but on the contrary, in the absence of any testimony but that of the appellants it was within the province of the jury to presume the proper execution of the bonds.
The competency of certain books, claimed to be the registers of bonds for the county as evidence in the case, is denied by counsel for the appellee, and we have been referred to no ■ law authorizing such a record, except the act of April, 1873, entitled “An act providing for the registration of bonds, etc., issued by corporations.” A register kept under the provisions of this act, and shown to be such or a certified copy, would be competent to show who was the original holder, as well as the number and date of the bond; and as it is doubtful whether, under the proof, the existence of such a record is established, we think the book should have been excluded. Upon the return of the cause, if it can be shown that such a register was kept as provided by the act referred to, we see no reason why its contents would not be as competent as any other record of the court.
For the errors indicated the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.