## THOMAS SIMMS *v.* COMMONWEALTH.

**Criminal Law—Indictment for Furnishing Intoxicating Liquor to an Inebriate.**

> It is not material whether intoxicating liquor be charged in an indictment to have been furnished by selling, giving or loaning, or whether it be proven to have been furnished in the manner charged. If furnished to an inebriate at all the statute was violated, and a defendant is not mislead to his prejudice by being charged with selling when in fact he gave or loaned it only.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

January 7, 1880.

OPINION BY JUDGE COFER:

We are unable to see in what way the rights of the appellant could have been prejudiced by the discrepancy between the name of McElroy as given in the indictment and as proved on the trial. But the instruction No. 1 given by the court, in which the jury were told that if he sold or gave whisky to Chas. McElroy, etc., was not objected

to; and the instruction having been given on motion of the attorney for the commonwealth we cannot consider the exception. Sec. 282, Criminal Code; *Loving v. Warren County,* 14 Bush 316.

The words added by the court to instruction No. 2 did not change the legal effect of that instruction and were not prejudicial to the appellant. The words, "or in the habit of becoming intoxicated by the use of spirituous liquors," added to instructions Nos. 3 and 4, are in the statute and in the indictment and were properly added to these instructions. The words "or gave" were also properly added. The act denounced by the statute is the furnishing of whisky or other intoxicating drink to an inebriate; and the words "sell," "give," and "loan" were merely inserted in order to embrace every mode or manner of furnishing such persons with liquors. It is not material whether it be charged to have been furnished by selling, giving or loaning, or whether it be proven to have been furnished in the manner charged. If it was furnished the statute was violated, and the defendant cannot be misled to his prejudice by being charged with selling, when in fact he gave or loaned, or vice versa.

Wherefore the judgment is *affirmed.*

*J. W. Lewis, for appellant.   Hardin, for appellee.*