### KENTUCKY CENTRAL RAILROAD v. THOMAS PATTON.

**Negligence.**

　　It is negligence for the employés of a railroad company operating a train to signal the train to move on, when a horse is within three or four feet of the cars, even though the cow-catcher has passed the horse without injuring him.

**Bill of Exceptions.**

　　The Court of Appeals will not reverse on account of an erroneous instruction where the record fails to show that any objection or exception was taken to the giving of such instruction.

APPEAL FROM FLEMING CIRCUIT COURT.

May 6, 1880.

OPINION BY JUDGE HINES:

The only grounds of complaint prosecuted by the motion for a new trial and the assignment of error are that the verdict of the jury is against the evidence, and that the court erred in giving instructions Nos. 1 and 2.

The question of negligence and as to the value of the horse were the only questions submitted to the jury, and their finding upon them will not be disturbed unless it is flagrantly against the evidence. Such is not the case here. The jury were authorized from the evidence of appellant and from the statement by the fireman alone to find negligence. Although the cow-catcher had passed the horse without injuring him, it was negligence to signal the train to move on when the horse was within three or four feet of the cars. But for this the slackened speed of the train might have permitted the horse to escape without injury.

The instructions appear to be substantially correct, but if they were not correct we could not reverse on account of any error in

them, because the code requires both an exception and an objection to instructions given on the motion of the adverse party, and here there was no objection. *Loving v. Warren County,* 14 Bush 316.

Judgment *affirmed.*

J. W. Bryan, for appellant.

W. J. Hendrick, John P. Nowell, for appellee.