*J. R. Hallam, for appellant.*

*O. W. Root, E. W. Hawkins, for appellee.*

---

A. D. BOYD *v.* J. B. MORRIS.

[Abstract Kentucky Law Reporter, Vol. 1—349.]

**Objections and Exceptions.**

No contention can be maintained in the Court of Appeals as to the competency of evidence where no objection to it is shown by the record to have been made in the trial court.

**Instructions.**

No reversal can be had on an instruction, even if erroneous, where the same language is used in other instructions given at the trial and not objected to.

APPEAL FROM HART CIRCUIT COURT.

October 15, 1880.

OPINION BY JUDGE COFER:

The verdict is not so flagrantly against the evidence, nor is the finding so excessive, as to warrant this court in reversing on either of these grounds.

We do not see in what way the appellant was prejudiced by the refusal of the court to require the appellee to answer as to whether he made certain statements to Richard Boyd and others. The utmost effect of those statements would be to prove that the appellee entertained unfriendly feelings toward the appellant, and thus to furnish ground for discrediting his statements before the jury. That he was unfriendly with the appellant was admitted in his testimony, and the

state of his feelings would not have been better shown by his admission or by proof that he made the statements inquired about.

We incline to the opinion that the testimony of Dr. Walton was competent, but whether it was or not it was not objected to, nor does the court appear to have passed upon the question whether it was competent or not. All the record shows is that the defendant then excepted and still excepts. This is not sufficient. *Loving v. Warren County,* 14 Bush 316.

The bill of exceptions shows that instruction No. 2 was not objected to by either party. No valid objection to instruction No. 1 is perceived. If it be objectionable in the particulars indicated in the briefs, still no reversal could be had on that ground, because the same language is employed in other instructions not objected to. Instruction No. 7 would have been wholly abstract under the issue and facts in the case. The evidence in regard to another person and a shot gun being seen near by about the time of the difficulty was neither objected to nor excepted.

Judgment *affirmed.*

*S. M. Peyton, Wm. Lindsay, for appellant.*

*H. C. Martin, Jas. A. Dawson, for appellee.*