CASE 96—HARLAN BUCKLES WAS CONVICTED OF MURDER AND HE APPEALS.—JUNE 14.

## Buckles v. Commonwealth.

APPEAL FROM HARDIN CIRCUIT COURT.

DEFENDANT CONVICTED OF MURDER AND PUNISHMENT FIXED AT DEATH AND HE APPEALS.   REVERSED.

CRIMINAL LAW—APPEAL—NECESSITY OF EXCEPTIONS—INSTRUCTION AS TO SELF DEFENSE—ARREST BY DEPUTY SHERIFF—EVIDENCE OF DEPUTY'S APPOINTMENT.

Held:   1. Under Cr. Code Prac., section 340, as amended by act of March 4, 1880, providing that "a judgment of conviction shall be reversed for any error of law appearing on the record when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby," there can, in general, be no reversal for an error not excepted to, though apparent on the record, and to the defendant's prejudice; but this rule does not apply to instructions, for error in which there may be a reversal though there was no exception, for the reason that it is the duty of the court, though not requested to do so, to give the whole law of the case in a criminal prosecution.

2. It was error to instruct the jury that there could be no acquittal

on the ground of self-defense unless defendant had no safe means of escape.

3. As the sheriff can not appoint a deputy without the approval of the county court, such approval must be shown to make the appointment valid; and it was therefore error, in the absence of evidence of such approval, to give an instruction assuming that deceased was a deputy sheriff, and had the right to arrest for disorderly conduct committed in his presence.

:S. M. PAYTON, ATTORNEY FOR APPELLANT.

Harlan Buckles, a negro boy about twenty-five years of age, was tried at November term 1901, of the Hardin circuit court and convicted of the crime of murder and his punishment fixed at death.

Many errors were committed on the trial as I conceive, and the record does not show that any exceptions were taken and I suppose none were taken.

The first question is whether or not this court can look into this record and afford the defendant any relief.

My contention is, that if, upon an inspection of the record by the appellate court, it finds errors on the face of the record which are of a nature to cause the court to be of the opinion that appellant has not had a fair and legal trial, that it may and should reverse the case, under section 340, Criminal Code, which provides that "A judgment of conviction shall be reversed for any error of law appearing on the record, when, upon consideration of the whole case the court is satisfied that the substantial rights of the defendant have been prejudiced thereby."

I claim that the court erred in giving the instructions which it did give, and also erred in failing to give the whole law of the case to the jury.

The court erred in admitting incompetent evidence to go to the jury as to the appointment of the deceased Reid, whom Buckles is alleged to have killed, being appointed and acting as deputy sheriff when, in fact, he was never legally appointed as such deputy.

The court erred in assuming in the instructions that deceased was a deputy sheriff, when, in fact, he was never legally appointed such deputy.

The evidence shows that deceased was appointed deputy by the sheriff and was sworn in as such by the deputy county court clerk, but no order of the county court was ever made appointing him as such deputy.

### AUTHORITIES CITED.

Criminal Code, secs. 340, 341, 238; 36 Subsec. 2; 39, 43, Ruth-

erford v. Com., 78 Ky., 639; Williams v. Com., 7 R., 744; Trumble v. Com., 78 Ky., 176; Heilman v. Com., 84 Ky., 457; L. & N. R. R. Co. v. Com., 13 R., 925; McClure v. Com., 81 Ky., 448; Oakley v. Com., 10 R., 886; Tubb v. Com., 22 R., 481; McClung v. Com., 17 R., 1339; Willis v. Com., 20 R., 386; Eversole v. Com., 96 Ky., 624; Arnold v. Com., 21 R., 1573; Wright v. Com., 85 Ky., 131; Kentucky Statutes, secs. 4141, 5660; People v. Lyons, 110 N. Y., 618; Burns v. Com., 3 Met., 13; Barnett v. Com., 84 Ky., 449; Brooks v. Com., 16 R., 356.

MORRISON BRECKINRIDGE, ROBERT J. BRECKINRIDGE, ATTORNEY GENERAL, FOR COMMONWEALTH.

I am satified that this court, after reading the record in this case will agree with me that the appellant, in killing Reid, was guilty of a deliberate, premeditated, malicious murder, and that his trial was eminently fair; that he had the benefit of all the law and more then he was entitled to, with the single exception of the courts using the word "escape" which has been held to be erroneous, so that if the court adheres to its previous ruling, it is useless to trespass on its patience in arguing the complaints and objections of appellant's counsel, neither one of which is tenable when thoroughly examined and analyzed.

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING.

Appellant was tried for the murder of Robert L. Reid, found guilty, and his punishment fixed at death. A motion for a new trial was made on the grounds—First, that the finding of the jury was contrary to the law and the evidence; and, second, that the jury was illegally constituted, in that there were members thereof who had publicly expressed their conviction that the defendant ought to be hanged. No affidavits were filed in support of the second ground for new trial, the motion was overruled, and an exception entered to the order overruling it. This exception, which is claimed to have been inserted by the clerk from force of habit, is the only exception we find in the record.

The evidence shows that a negro picnic was given on Utopia Island, near Elizabethtown; that a few days before the promotors applied to the sheriff to have Reid appointed a deputy, to keep order at the picnic, and that he had Reid

sworn in as deputy before a deputy county court clerk;
that appellant went on the train to the picnic, and was
drunk and disorderly over a game of craps; that he went
across the creek from the picnic grounds, and afterwards
returned; that Reid remonstrated with him; that he cursed
Reid, and then the shooting occurred, the great majority of
the witnesses stating that Buckles fired the first shot,—in-
deed, the first two shots. There was, however, contradictory
evidence as to who fired the first shot. Immediately there-
after a number of the picknickers began shooting at Buckles,
who was hit in the stomach and in the arm, and who claims
that he received the stomach wound before he fired his
pistol.

Counsel for appellant contends that there was manifest
error to his prejudice in the admission of testimony, and in
the instructions given to the jury. But we must first deter-
mine whether, as there were no exceptions either to the ad-
mission of testimony or to the instructions, we can consider
the alleged errors, with a view to reversal of the judgment.
Counsel seems to concede that the great weight of authority
is against the power of this court to consider any error in
the conduct of the case which was not objected and excepted
to at the time. In Branson v. Com., 92 Ky., 333 (13 R., 614)
17 S. W., 1019, this rule was announced in the opinion by
Judge Holt, and a distinction made between steps proposed
by the adverse party and those taken by the court *sua
sponte*; it being held that in the former case an objection
should be entered, "in order to specially call the court's at-
tention to it, and, if its ruling be adverse to the objecting
party, then he must except. This is the proper practice.
It is the express rule of the present Civil Code, and a
proper conduct of criminal cases requires, in our opinion,
the same practice. The provisions of the Criminal Code ad-

mit, and it seems to us to require, such a construction. The trial judge should be made aware, when one side proposes to take a certain step in a case, that it is objected to upon the other side. This is fair to him. The matter is likely then to receive more careful attention from him. The party ought not to wait, as if he were consenting, and then afterwards merely except to what has been done. He should also except to the decision when made; else it can be fairly inferred that, although he objected when the step was proposed by the adverse party, yet he has acquiesced in the court's decision as correct. Loving v. Warren Co., 14 Bush, 316; Reed v. Com., 7 Bush, 641. Where, however, the court, *sua sponte*, does something, he need only except; but when it comes from the opposing party he should first object, and then, after the court's decision, except to its action."

The present counsel for appellant seems to admit the propriety of the practice here outlined, but insists that a different rule has been applied by this court in the case of McClure v. Com., 81 Ky., 448 (5 R., 468), in which the tender age of the defendant, a boy under 14 years, was held to impose upon the trial court the duty, of its own motion, without objection or exception from any one, to protect the accused from all illegal proceedings, and argues therefrom that the same rule should be applied in the case of an ignorant negro, when, through the incompetency of his counsel, proper steps were not taken for his protection. He argues further that, in any event, the rule does not apply to exceptions to the instructions of the court; that it is well settled that, in a criminal case, it is the duty of the court to give the whole law applicable to the case. Williams v. Com., 80 Ky., 313 (7 Ky. Law Rep., 744); Cook v. Com., 10 R., 222 (8 S. W., 872); Louisville & N. R. R. Co. v Com., 13 Ky. Law Rep., 925; Trimble v. Com., 78 Ky., 176; Heil-

Buckles v. Commonwealth.

man v. Com., 84 Ky., 457 (8 R., 451) 1 S. W., 731, 4 Am.
St. Rep., 207.  He contends that in Williams v. Com., supra,
where counsel entered a general exception to the instruc-
tions, and, though requested by the court, refused to specify
the grounds of his objection, the general exception was held
sufficient, and the court, through Judge Hargis, said: "Such
a rule would operate very harshly in cases where the attor-
ney for the accused might not be able to point out the illegal
instruction; and such cases as supposed have and will con-
tinue to occur; hence the law makes no distinction between
a general and particular exception, as either is sufficient to
authorize this court to examine the alleged error based on
an exception, taken as in this case." In that case, also, it
was held to be the duty of the court to state the
law fully and correctly to the jury in the instruc-
tions." And so it urged that as the whole law ap-
plicable must be correctly given to the jury, al-
though it may not be asked, there is no occasion for re-
quiring an exception to be entered, as such exception would
not call the attention of the court to any error contained in
the instructions, or in any way tend to its correction; that
an exception is a useless formality, which has in the Mc-
Clure case been disregarded by the court on account of the
incompetency of the defendant, and should be disregarded in
this case because of the incompetency both of the appellant
and of counsel who represented him in the trial court.  In
this connection, attention is called to the changes made in
what is now section 340 of the Criminal Code of Practice.
Section 334 of the Criminal Code of 1854 reads· "A judg-
ment of conviction shall only be reversed for the following
errors of law to the defendant's prejudice appearing on the
record: (1) An error of the circuit court in admitting or re-
jecting important evidence. (2) An error in instructing or re-

fusing to instruct the jury. (3) An error in failing to arrest
the judgment. (4) An error in allowing or disallowing a per·
emprory challenge." By that provision the court was inhib·
ited by legislative enactment from reversing a judgment ex-
cept for the specified causes. In lieu of that section the
new Code had the provision (section 340): "A judgment of
conviction shall be reversed for any error of law to the de-
fendant's prejudice appearing on the record." By the act
of March 4, 1880, this section was amended to read: "A
judgment of conviction shall be reversed for any error of
law appearing on the record when, upon consideration of
the whole case, the court is satisfied that the substantial
rights of the defendant have been prejudiced thereby." It
is insisted that these changes—and especially the amend-
ment of 1880, leaving sections 280, 281 and 282 as they
stood before—were intended to work a substantial change
in the whole system of appeals in criminal cases. Counsel
concedes that in Burns v. Com., 3 Metc., 13, it was held that
the instructions must be excepted to in order to obtain
revision of the error, and that this construction was with-
out exception, followed until after the adoption of the sec-
tion as it now stands, but claims that since that amend-
ment the court has, in at least one case (the McClure case),
flatly overturned the former rulings, and in two other cases
(the Heilman case and the Williams case, in 80 Ky.) shown
a disposition to modify it. So far as we are informed, the
question in this form has never been presented for deci-
sion. We can not concur in the contention that the amend-
ment of 1880 to section 340 works a substantial change in
the system of criminal jurisprudence, so as to give this
court revisory power on appeal, regardless of the fact that
no exception has been taken, over every error of law in the
practice of the case which might appear upon the record.

Such a contention might have been plausibly made upon the adoption of the present Code, when the word "only" was dropped from the section, and it was made to read, "A judgment of conviction shall be reversed for any error of law to the defendant's prejudice appearing on the record." But that section was construed in connection with sections 280, 281 and 282; and as by section 280 the right was given to either party to except to any decision of the court by which his substantial rights were prejudiced, and by section 281 certain matters were declared not subject to exception, and therefore decided not to be grounds for reversal, and by section 282 the exception was required to be shown upon the record by a bill of exceptions, as provided in the Code of Practice in civil cases, this court uniformly held—at least, prior to the amendment—that, as its appellate jurisdiction was the creature of the statute, it was limited thereby, and jurisdiction could not be taken to reverse for an error not excepted to, though apparent on the record, and to the defendant's prejudice. By reference to the Civil Code of Practice (sections 333 to 339, inclusive), we find the basis of many of the rulings in criminal cases. Section 333 contains the rule laid down by Judge Holt in Branson v. Com.,—that a party may, without a previous objection, except to a decision against him, unless it be made at the instance of the adverse party; and it is by construction of the Civil Code of Practice that we obtain the rule that instructions may, by order of court, be made a part of the record, and need not then be embodied in the bill of exceptions. The amendment of 1880 seems, in fact, to be rather a limitation upon our statutory power of revision than an enlargement of it; for, instead of declaring that a judgment of conviction shall be reversed for any error of law to the defendant's prejudice appearing on the

record, it provides that such judgment shall be reversed for any error of law appearing on the record when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby, thus requiring for the purpose of reversal not merely that the error shall be to the defendant's prejudice, but that, on consideration of the whole case, the court shall be satisfied that the substantial rights of the defendant have been prejudiced thereby.

But the question remains whether there is such a substantial difference between error in giving or failing to give the law of the case in instructions, and error in what may be called the practice of the case, in admitting or rejecting testimony, and the like, as would justify us in taking cognizance of an error in the one case, though not excepted to, when we would refuse it in the other case. Inasmuch as the custom of taking a general exception to instructions in a criminal case is so general as to be almost axiomatic, the cases in which this question could have been made are few in number, and the question, so far as we are aware, has never been raised. That there is a difference in the reason for requiring an exception under our present practice, there can be no manner of doubt. Whether the rule be regarded as fairly to be deduced from the provisions of the statutes when read together, or as a rule of judicial construction, not literally required by section 340 as amended, it is a rule of policy, and based upon the necessities of jurisprudence. It is to be presumed that the trial court will correct an error to which its attention is called. It is to be presumed that the court will not rule erroneously if proper objection is made. It is to be presumed, also, that the defendant acquiesces in that to which he does not object, and is satisfied with the rulings to which he does not except.

Buckles v. Commonwealth.

We know that, in the hurry and distraction of court-room practice, errors must occur; that matters will occur to distract the attention; and that errors and inadvertences result from the mere physical strain and fatigue of court-room service; and therefrom arises the policy of the rule that trial court's attention must be called to the proceeding which is objected to, and to the ruling upon which a reversal is to be sought, in order that a fair trial of accused persons may be had as speedily as possible, and the ends of justice attained by the means which human experience shows best adapted to the purpose. But when we come to the question of instructions, a different rule obtains. The trial court is required, without request, to give the law, the correct law, and the whole law. It is not necessary to call the judge's attention to an error. The law requires his attention. It is not only not necessary to specify the error which he has committed, but it is not required that he be requested to give all the law of the case. Again and again, in cases in which the law was given with absolute correctness, so far as the court undertook to give it, this court has, upon a general exception to the correct law thus given, reversed because the court failed to give law which was not asked for, and to which, as it was not given, and was not given incorrectly, an exception could not apply. A general exception does not point out error in law which is not given. It does not even call attention to the fact that it is not given. It does not even specify the error complained of in the law laid down. And yet, under such general exception to instructions given, we reverse for failure to give others which were not asked. There is no policy which requires such an exception, for the exception has no effect, and can accomplish no purpose. Where the reason fails, the rule fails also.

Buckles v. Commonwealth.

The instruction upon self-defense uses the word "escape" in a manner which has frequently been condemned by this court. McClurg v. Com., 17 R., 1339, 36 S. W., 14; Willis v. Com., 20 R., 386, 46 S. W., 699; Arnold v. Com., 55 S. W., 894, 21 R., 1573; Tubbs v. Com., 22 R., 481, 52 S. W., 623; Eversole v. Com., 95 Ky., 624 (16 R., 143) (26 S. W., 816).

The instruction as to the right of deceased to arrest appellant seems to us to be, also, erroneous. There was no competent evidence of the appointment of Reid as deputy sheriff. He could not be appointed except with the approval of the county court. Kentucky Statutes, sections 4141, 4560. As the sheriff can not appoint a deputy without the approval of the county court, such approval must be shown, to make the appointment valid. It was therefore error to give an instruction assuming that Reid was a deputy sheriff, and had the right to arrest for disorderly conduct committed in his presence. The form of the instruction is also objectionable.

For the reason given, the judgment is reversed, and the cause remanded, with directions to award appellant a new trial, and for further proceedings consistent herewith.

Whole court sitting.