## Howard v. St. Louis Jewelry Company.

(Decided January 10, 1912.)

### Appeal from Laurel Circuit Court.

1. Sale of Personal Property.—Where one bought personal property and received it into his store, where it was destroyed by fire on the following night, and before the buyer had completed an examination thereof, the title passed and the loss was upon the buyer in the absence of any ground shown why the goods should not have been accepted.

2. Practice—Exception to Instructions.—Neither party can rely for reversal upon an erroneous decision, made at the instance or on the motion of the adverse party, unless he objected to the motion or offer of the adverse party at the time it was made, and then excepted to the decision. But where the court gives an instruction upon his own motion, an exception alone is sufficient.

SAM C. HARDIN for appellant.

R. A. DYCHE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The St. Louis Jewelry Company sued A. J. Howard for $257, the purchase price for a lot of merchandise jewelry, and having obtained judgment for the amount sued for, Howard prosecutes this appeal. The contract was in the usual form of a written order, to which Howard's name was signed by his wife. Howard is a Turk, and writes the English language with difficulty. His wife, who is an American by birth and raising, clerks for her husband in his store, and usually does all of his writing for him. Appellant seeks a reversal upon two grounds: (1) That his wife signed his name to the contract without any authority from her husband; and (2) that the court should have instructed the jury peremptorily to find for the defendant upon the facts. The case was tried by a jury under instructions which fairly presented the issue as to whether Howard made the contract sued on, and the jury found that issue against him. Neither party asked any instructions, and the court, upon its own motion, gave an instruction which fairly presented that issue to the jury. Not only was there evidence to the effect that Howard's wife had authority to sign the contract, but the jury was fully justified under the evidence, in deciding that issue against Howard.

As a further defense, Howard pleads that the night after the jewelry had been received by him, and before he had an opportunity to thoroughly examine it, his store, with all of its contents, was destroyed by fire. The court properly ignored this defense, and did not submit it to the jury for the reason that, if Howard had bought the goods and they were subsequently destroyed by fire, the loss was his. The question of the purchase and sale of the goods was the only question for the jury to determine; and that question was properly submitted to the jury.

It is further contended, however, that the order of sale embraced items aggregating only $220, and that the remaining $37 was represented by other goods valued at $25; six plush-lined trays and a show case valued at $12, which latter were forwarded with the other goods, gratis, for advertising purposes. The jury embraced these items in their verdict, and it is contended that this constitutes a reversible error. The goods valued at $25 stand upon the same footing with the other goods; and upon cross examination Howard admitted that he had traded or had loaned the trays to Jody, and that he was willing to surrender the show case and trays to the ap-

pellee, but had not done so. The petition alleges that the show case and the trays had been furnished to Howard for the purpose of showing and advertising the appellee's goods, and introducing them to the trade, but that he had failed to use them for that purpose, and converted them to his own use and benefit. This claim is specifically made in the petition, and denied by the answer, which admits that appellant still has them, and that they are subject to appellee's orders. The show case and trays were appellant's property under the contract, and he could dispose of them to suit his own pleasure; but he offered no instruction upon this phase of the case, and took neither objection nor exception to the instruction given by the court, which included them in any recovery the jury might find for appellee.

This case is controlled by the rule of practice laid down in Louisville Southern R. R. Co. v. Hooe, 18 Ky. Law Rep., 522, in the following language:

"The rule as stated in Loving v. Warren County, 14 Bush, 320, and Branson v. Commonwealth, 92 Ky., 330, is that neither party can rely for reversal upon an erroneous decision made at the instance or on the motion of the adverse party, unless he objected to the motion or offer of the adverse party at the time it was made, and then excepted to the decision. But where the court acts upon his own motion an exception alone is sufficient. The court here gave the instructions on his own motion. The fact that the parties asked the court to give the law or the whole law of the case does not make the instruction one asked for by either party."

Appellant having taken no exception to the ruling of the trial judge in giving the instruction, he can not take advantage of the error upon appeal.

Judgment affirmed, with damages.