**WARREN v. COMMONWEALTH.**

Court of Appeals of Kentucky.

March 20, 1953.

Davis Williams, Munfordville, for appellant.

J. D. Buckman, Jr., Atty. Gen., and H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Appellant, Adolph Warren, was convicted of grand larceny and his punishment was fixed at confinement in the penitentiary for one year. In asking that the judgment be reversed, he assigns two errors: 1. The Commonwealth's proof did not show the crime was committed in the county where he was indicted; 2. incompetent and highly prejudicial evidence was introduced against him.

The record shows that the court offered to appoint counsel to defend appellant but he refused the offer, announced ready for trial and attempted to defend himself. However, after his conviction, appellant procured counsel who prepared motion for a new trial which set out the alleged errors, and the attorney also prepared a bystanders' bill of exceptions. The bill shows proof for the Commonwealth to the effect that D. M. Goff owned a lemon and white fox hound gyp. He fed the dog at his home in Hart County Friday night, Jan. 5, 1951, but never saw her again until he recovered the dog from Frank D. Parr in Jefferson County about one month later. Parr testified he purchased a hound in Jefferson County on Sunday morning, January 7, 1951, from appellant, which was later identified as belonging to Goff. Parr paid appellant $10 in cash and another dog for the hound. Several witnesses testified the Goff gyp

had a reasonable value of from $35 to $60. Appellant did not testify, nor did he produce any witnesses as to where or how he acquired the gyp he sold to Parr.

It is argued by appellant that as the proof does not show the hound was confined on Goff's premises, and as it failed to show appellant was in Hart County from January 5 to January 7, 1951, there is no evidence the dog was stolen in Hart County, citing Taylor v. Commonwealth, 162 Ky. 498, 172 S.W. 957. Taylor was indicted in Fayette County for "appropriating property in the possession of a common carrier for transportation." The evidence for the Commonwealth was that a railroad car was loaded in Cincinnati, Ohio, and when it reached its destination in Alabama, it showed it had been broken into, but there was no competent evidence the missing property had been taken from the car in Fayette County, therefore, the judgment of conviction was reversed.

In the case at bar, the hound was fed by Goff at his home in Hart County Friday night, and appellant delivered her to Parr in Jefferson County the following Sunday morning. Hart and Jefferson Counties are not adjoining but are separated by several counties, thus the circumstances unerringly point to the fact this hound was stolen in Hart County and transported to Jefferson County. The proof conclusively shows appellant was in possession of this stolen hound, which is prima facie evidence of his guilt of grand larceny and the burden shifted to him to explain by clear and satisfactory proof how he came into possession of the dog. Davidson v. Commonwealth, 219 Ky. 251, 292 S.W. 754; Abshire v. Commonwealth, 281 Ky. 470, 136 S.W.2d 567; Walker v. Commonwealth, 309 Ky. 217, 217 S.W.2d 213. This appellant did not even attempt to do. Therefore, the evidence justified a submission of the case to the jury and was sufficient to sustain the verdict.

The Commonwealth Attorney improperly proved by 7 or 8 witnesses appellant's reputation among fox hunters in Kentucky was that of a dog thief. There is an elementary rule of evidence that the

reputation of accused cannot be attacked until he has put it in issue, Shell v. Commonwealth, 245 Ky. 223, 53 S.W.2d 524; and then it is not permissible to prove his general reputation with reference to the particular crime with which he is charged, except when such evidence is made competent by statute. Barrett v. Commonwealth, 295 Ky. 553, 175 S.W.2d 8. This evidence as to reputation was just as inflammatory against appellant as it was incompetent. It seems strange that neither the Commonwealth Attorney nor the Special Judge so recognized it, because when appellant asked his sole witness, "if he had ever heard of the defendant stealing dogs", the court sustained an objection thereto. It is inconceivable that the Commonwealth Attorney and the Special Judge would deliberately take advantage of the ignorant, hapless appellant, who was so stupid or headstrong that he refused the court's offer to appoint counsel to defend him.

Appellant never objected once when the Commonwealth Attorney propounded this same incompetent question to eight witnesses, therefore we are powerless to reverse the judgment. A rule of procedure, and one about as elementary as the rule of evidence discussed in the foregoing paragraph, is that errors not brought to the attention of the trial court and not preserved by exceptions to his rulings are not available on appeal to this court. Anderson v. Commonwealth, 302 Ky. 275, 194 S.W.2d 530. In this particular case, we have some regret that we cannot overlook this rule of procedure with the same facility with which the Commonwealth Attorney and Special Judge overlooked a simple rule of evidence. However, we must ever be guided by the law and adhere to its rules when we recognize and understand them.

It is earnestly argued that to serve the ends of justice we should correct this flagrant and highly prejudicial error as was done in McClure v. Commonwealth, 81 Ky. 448, 5 Ky.Law Rep. 468, where a judgment was reversed because of incompetent evidence and improper argument, although no objections were made and exceptions saved. There, appellant, a child of 14, was charged with storehouse breaking with another boy 13 years of age. They were tried jointly and the record did not affirmatively show they were represented by counsel. The court permitted evidence to be introduced that the brother of one was a fugitive from justice and their mother kept a house of ill-fame, and the defendant Jo lived with her. The opinion states that even though no exception was taken to this incompetent testimony, and to the improper argument, to which it is not necessary here to refer, "it was the court's duty, of its own motion, without objection or exception from any one, to protect these children from all illegal proceedings. * * It would be strange law, indeed if the courts were required to protect an infant when only his property was at stake, yet leave him to the tender mercies of a Commonwealth's attorney who illegally traveled out of the record in search of arguments to secure his conviction for a crime which would consign his person to a dungeon, his name to infamy, and his young life to associations which would blur and distort it forever. This is not law in this country, and we can not give the seal of our approval to such a judgment so obtained, although no objections or exceptions were taken to the conduct of the Commonwealth's attorney or the admission of the illegal evidence."

The McClure case was decided in 1883. Practically 20 years later it was relied upon in Buckles v. Commonwealth, 113 Ky. 795, 68 S.W. 1084, where an attorney did not make an objection and take an exception to certain incompetent testimony. But this court refused to extend the rule to Buckles, a mature although an ignorant Negro who was represented by counsel, saying, "that the trial court's attention must be called to the proceeding which is objected to, and to the ruling upon which a reversal is to be sought * * *." 113 Ky. at page 804, 68 S.W. at page 1086. The McClure case is the only deviation from the rule that this court cannot consider errors on appeal to which no exceptions were taken in the trial court, beside Edwards v. Commonwealth, 298 Ky. 366, 182 S.W.2d 948, and Anderson v. Com-

monwealth, 302 Ky. 275, 194 S.W.2d 530, which were cases where the penalty of death had been imposed. In next to the last paragraph of the Edwards opinion it was pointed out that due to the penalty imposed, it was more important to constitutional government and to society for the accused to be accorded a fair trial than it was to enforce a technical rule of procedure. The Anderson case followed the reasoning of the Edwards opinion and quoted from it, but sounded a warning that deviation from the rule did not mean its abolition. We here add such deviation from this sound rule of procedure will only be made where the penalty is death and there can be no doubt that the errors to which no exceptions were taken were such as to be highly prejudicial to the accused's substantial rights. See Ellison v. Commonwealth, 311 Ky. 757, 225 S.W.2d 470, 474.

Although appellant's treatment at the hands of the Commonwealth Attorney and the Special Judge can under no circumstances be excused or condoned, at the same time we realize how dangerous would be the precedent if this court permitted an accused to refuse counsel proffered by the trial judge and then give him an advantage not accorded to others charged with crime and allow him to raise errors here to which no objections and exceptions were taken below. Here, we are comforted by the fact appellant could have taken the stand and explained how the hound came into his possession.

The judgment is affirmed.