### Taylor v. Commonwealth.

(Decided February 3, 1915.)

#### Appeal from Fayette Circuit Court.

1. Criminal Law—Confession—Competency.—Evidence by a railroad detective that, according to reports received by him through railroad channels, a certain freight car consigned to a point in Alabama when it reached its destination showed that it had been broken into and a part of its contents missing, was not competent in connection with the confession of the defendant, to show that the offense had been committed.

2. Criminal Law—Confession.—Under the express provisions of Section 240 of the Criminal Code, a confession of a defendant made outside of court must be, to authorize a conviction, accompanied by other evidence that the offense was committed.

JESSE I. MILLER and HARRY B. MILLER for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellant and Sam Chandler were jointly indicted in the Fayette Circuit Court charged with appropriating property in the possession of a common carrier for transportation.

Appellant, on his separate trial, was found guilty and sentenced to the penitentiary, and from that judgment has appealed.

Appellant was arrested on the 30th day of July, 1914, having in his possession at the time seven pairs of new shoes, which he was undertaking to dispose of to a second-hand dealer. He was lodged in jail, and after remaining there an hour or two, he sent for the officers and told them that if they would take him to a certain trestle of a railroad in the edge of Lexington he would show them where his confederates were; at

the same time he told them that he and three or four others, including Chandler and a man called Boots, had gotten the shoes from a railroad car, together with some hams, and that they had thrown them out of the car and gone back after them when they had alighted therefrom. Accordingly, the officers found one of the confederates, who was arrested, and guided by the two, the officers went to two places in Lexington, where they found nine of the hams, seven at one place, and two at another.

This confession of the appellant made at the jail and subsequently, appears to have been wholly voluntary.

Upon his trial the defendant pleaded not guilty, and the substance of the evidence was as given above, except that it was testified by a witness that he represented the railroad and superintended the loading of a certain freight car at Cincinnati, and that, according to the bills, there were loaded in said car fifty-seven cases of shoes and eight cases of hams of a particular brand, but that he personally did not know the cases actually contained either the shoes or the hams.

It was also shown by the railroad detective that when the car reached its destination in Alabama, according to reports made to the railroad company, it had been broken into and a part of the contents were missing.

It is apparent that the testimony of neither of the railroad men, or their combined testimony, is competent to show either that the shoes or hams were ever actually in the car, or that the car was ever actually broken into or the contents thereof disturbed. It is hearsay, pure and simple, to say that one got a report that a certain car reached its destination short of the goods which it is not even shown were ever shipped therein; and even if it were competent, there is nothing to show that it was broken into or the contents taken therefrom at any particular point in its long route.

Section 240 of the Criminal Code provides:

"A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed."

We feel constrained to hold that there was no competent evidence, other than the confession of the appellant, that the crime with which he was charged had ever been actually committed, and, therefore, under the express terms of the section quoted, the court should have

granted appellant's motion for a peremptory instruction.

It is a matter of common knowledge that men often confess to the commission of crimes which were, in fact, never committed, and doubtless the section quoted was enacted in the light of this experience.

However unfortunate it may seem to apply this rule in the instant case, it may be safely said that similar enactments have stood the test of civilization for generations. At any rate, it is the law of Kentucky and must be enforced as written.

Commonwealth v. Burgess, 28 Rep., 1128; Moseby v. Commonwealth, 113 S. W., 850.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.