# Commonwealth v. Harrison.

(Decided November 13, 1931.)

J. W. CAMMACK, Attorney General, JAS. M. GILBERT, Assistant Attorney General, E. J. FELTS, and W. O. SMITH for appellant.

C. A. DENNY for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Certifying the Law.

Ollie Harrison and Whit Harrison were indicted in the Muhlenberg circuit court for the crime of willfully

and maliciously setting fire to and burning the store-house of the McDonald Coal Mining Company. Ollie Harrison was placed on trial, and at the conclusion of the commonwealth's evidence, on his motion, the court peremptorily instructed the jury to find the defendant not guilty. The commonwealth appeals, asking that the law be certified. The proof on the trial, briefly stated, is this:

Early on the morning of April 6, 1930, the building was seen on fire. When the manager of the store reached the building, the roof was about to fall in. An investigation was made to ascertain the responsibility for the fire, and in this search they found about $72 worth of goods which had been in the store and were taken from it and hidden in a thicket about 100 yards beyond Ollie Harrison's house. He was arrested, and, when arrested, confessed that he had gone in the store; had taken these goods out and put them in the thicket, and had assisted in taking other goods out of the store and then set fire to it, late in the night. Section 240 of the Criminal Code of Practice provides:

"A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed."

The case turns on the question whether there was other proof here that the offense was committed. The rule under section 240 is not the same as under section 241, which relates to the testimony of an accomplice and provides that a conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense. Under section 240 it is only required that a confession must be accompanied with other proof that such an offense was committed. It was clearly proved here that the storehouse was burned; that it caught fire late in the night, and, when the fire was discovered, the roof was falling in. There was nothing in the facts to warrant the conclusion that the fire occurred from natural causes. In addition to this, part of the goods that were in the store were found hid in the thicket. It is very common for thieves to set fire to a building after robbing it to hide the theft. The goods were found; the defendant admitted that he had put them

there. The fact that the house was robbed and that it then burned, and that the stolen goods were hidden in a thicket, was sufficient prima facie to show that the offense of burning the building had been committed. The evidence also shows that the defendant left the state the next morning and went to Illinois. In 16 C. J. p. 736, the rule is thus stated:

> "The independent evidence of the corpus delicti need not of itself be full and conclusive or sufficient beyond a reasonable doubt, as the confession may be considered with the facts and circumstances in evidence in determining whether the corpus delicti is established." To the same effect see 1 R. C. L., p. 588, sec. 131.

In State v. Rogoway, 45 Or. 601, 78 P. 987, 989, 81 P. 234, 2 Ann. Cas. 431, where the defendant was convicted of arson, the court, after reviewing the authorities, thus stated the rule:

> "Where the fact forming the basis of the corpus delicti is proven or admitted, the criminal agency may be shown by circumstantial evidence; and in this connection a distinction is to be made between the evidence which would justify a conviction, and that degree of proof of criminal agency necessary to let in evidence of the confessions or admissions of the defendant. To justify a conviction, of course, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, and of every fact necessary to constitute the offense; but it is not necessary, after the fact forming the basis of the corpus delicti is shown, that the evidence of the criminal agency should be of that conclusive character, in order to justify the admission of defendant's confession."

In Frierson v. Commonwealth, 175 Ky. 691, 194 S. W. 914, 917, the court, after quoting the statute, thus stated the rule:

> "The above section has been construed to mean that a confession will not warrant a conviction unless the confession is accompanied by proof, other than the confession, that the offense confessed has been committed; that is, that the corpus delicti of the crime must be proven by evidence other than the confession. Higgins v. Com., 142 Ky. 651, 134 S. W.

1135; Wigginton v. Com., 92 Ky. 289, 17 S. W. 634, 13 Ky. Law Rep. 641; Dugan v. Com., 102 Ky. 252, 43 S. W. 418, 19 Ky. Law Rep. 1273; Gilbert v. Com., 111 Ky. 798, 64 S. W. 846, 23 Ky. Law Rep. 1094; Patterson v. Com., 86 Ky. 313, 5 S. W. 387, 765, 9 Ky. Law Rep. 481; Polson v. Com., 108 S. W. 844, 32 Ky. Law Rep. 1398; Frazier v. Com. [Ky.], 124 S. W. 797; Green v. Com., 83 S. W. 638, 26 Ky. Law Rep. 1221. If one should confess to having committed the crime of murder, the confession would not be sufficient to uphold a conviction against him, unless it should be proven by other evidence than the confession that a man had been slain.''

In Taylor v. Com., 162 Ky. 498, 172 S. W. 957, and Copley v. Com., 219 Ky. 498, 293 S. W. 981, there was no proof of the corpus delicti.

Where the proof shows that the building in question was burned, and there is proof of circumstances reasonably warranting the conclusion that the fire was of incendiary origin, there is sufficient evidence that the offense was committed to take the case to the jury on the defendant's confession. Mullins v. Com., 20 S. W. 1035, 14 Ky. Law Rep. 569; Cox v. Com., 158 Ky. 435, 165 S. W. 411; Robertson's New Kentucky Criminal Law, sec. 1780. The proof here was sufficient to take the case to the jury. The law is so certified.