Scileppi, J.
Defendants and another were indicted and tried for the murder of Detective Donald Rolker of the New York City Police Department. The jury convicted these defendants of felony murder but were unable to reach a verdict as to the fourth codefendant. The Appellate Division, Second Department, affirmed the judgments of conviction and defendants appeal pursuant to permission granted by a Judge of this court.
Shortly after they were apprehended, each of the defendants voluntarily made a detailed confession implicating himself as well as each of the other defendants in the crime charged. At the trial, these confessions were received in evidence with clear, forceful limiting instructions that each confession should be considered only against the declarant.
In Bruton v. United States (391 U. S. 123) and Roberts v. Russell (392 U. S. 293), cases involving joint trials in which only one of the defendants confessed, implicating the other, the Supreme Court held that despite limiting instructions it was error to receive the confession in evidence because of the substantial risk that the jury looked to the extrajudicial statement in determining the nonconfessor’s guilt, thus violating his right of cross-examination secured by the confrontation clause of the Sixth Amendment.
The only substantial question raised on this appeal is whether the rationale of Bruton is applicable where each of the defendants has himself made a full and voluntary confession which is almost identical to the confessions of his codefendants.
We agree with the several courts both in this State and in the Federal jurisdiction which have held that in a case such as this, the logic of Bruton is inapplicable (see United States ex rel. Catanzaro v. Mancusi, 404 F. 2d 296; see, also, People v. Dusablon and Samperi, N. Y. L. J., Feb. 21, 1969, p. 17, col. 4; People ex rel. Bartlam v. McMann, N. Y. L. J., Nov. 22, 1968, p. 16, col. 1). Thus in the Gatansaro case, where the confessions of two defendants, each implicating the other, were introduced *553 in a joint trial, the court dismissed a Federal writ of habeas corpus holding (404 F. 2d 296, at p. 300):
“ The reasoning of Hill [United States ex rel. Hill v. Deegan, 268 F. Supp. 580] and Bruton is not persuasive here. Both of those cases involved a defendant who did not confess and who was tried along with a codefendant who did. In our case Catanzaro himself confessed and his confession interlocks with and supports the confession of McChesney.
“Where the jury has heard not only a codefendant’s confession but the defendant’s own confession no such ‘ devastating ’ risk attends the lack of confrontation as was thought to be involved in Bruton. ’ ’
We have considered defendants’ other contentions and find them to be without merit.
Accordingly, the judgments appealed from should be affirmed.