Arnold **TAYLOR** and **Cline Brown,**
Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 23, 1970.

Rehearing Denied Feb. 5, 1971.

Joseph J. Grace and Jim L. Lindbald, Paducah, for appellants.

John Breckinridge, Atty. Gen., Joseph Famularo, Asst. Atty. Gen., Frankfort, for appellee.

Joseph D. Harbaugh, University of Connecticut School of Law, West Hartford, Conn., amicus curiae.

CULLEN, Commissioner.

Arnold Taylor, Cline Brown and Frank Ross were indicted (Count No. 1) for murder and (Count No. 2) for armed robbery, growing out of the hold-up of a liquor store in McCracken County, Kentucky, in the course of which an employe of the store was killed. Taylor and Brown were jointly tried on the charges (Ross not having been apprehended) and, under instructions submitting the issue of their having aided and abetted Ross in the commission of the offenses, were found guilty on both charges. Judgment was entered fixing their punishments at two life sentences, one on each charge. Taylor and Brown have appealed, asserting various grounds of error.

■ The two appellants each signed a confession admitting having participated in the offenses, by planning them jointly with Ross and by acting as lookouts, and shooting and wounding a bystander, while Ross was engaged in holding up the liquor store and killing the employe. The confessions were held by the trial court to be admissible, after a hearing in chambers of the circumstances under which they were given, and they were used on the trial. The appellants' first contention on the appeal is that the trial court erred in admitting the confessions in evidence.

The evidence taken at the in-chambers hearing indicated that the confessions were made as part of a "deal" in which certain felony charges pending against Taylor and Brown in Indiana were dismissed. The Commonwealth's Attorney for McCracken County told the two men that the Indiana authorities would dismiss the Indiana charges if the two would make confessions satisfactory to him. They made and signed the confessions and the Indiana charges were dismissed.

The appellants maintain that the confessions, having been induced by a *promise,* cannot be considered to have been free and voluntary and therefore were inadmissible. They rely on such cases as Shotwell Mfg.

Co. v. United States, 371 U.S. 341, 83 S. Ct. 448, 9 L.Ed.2d 357, and Grades v. Boles, 398 F.2d 409 (C.A.4 July 8, 1968). It is our opinion, however, that the circumstances of the promise in the instant case were entirely compatible with the exercise by the appellants of a free volition in the giving of the confessions, and therefore the confessions were admissible. The evidence respecting the circumstances of the making of the confessions warranted the conclusion that the initial proposal for the "deal" came from Taylor, who feared personal harm at the hands of a former acquaintance, then confined in the Indiana penitentiary, if he were convicted on one or more on the Indiana charges and sentenced to the Indiana penitentiary; that both Taylor and Brown were of the belief that they were in danger of conviction on the Indiana charges but could "beat" the Kentucky charges; and that Brown obtained the advice of his counsel before agreeing to the confession deal.

In Miranda v. Arizona, 384 U.S. 436, the Supreme Court said (at page 478, 86 S.Ct. 1602, at page 1630, 16 L.Ed.2d 694):

"* * * Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. * * *"

We think it is obvious that the "compelling influences" referred to are ones exerted by the *public authorities* in such a way as would be calculated to affect the accused's exercise of a free and voluntary choice of whether or not to confess. Here the promise was *solicited* by the accused, freely and voluntarily, so they cannot be heard to say that in accepting the promise they were the *victims* of compelling influences.

■ The appellants' next contention is that they were entitled to directed verdicts because their confessions were not corroborated as required by RCr 9.60. They concede that there was ample corroboration of the fact that *an offense was committed,* but they maintain that there was no corroboration *of their criminal agency.* The

contention is without merit, because under the plain terms of RCr 9.60 corroboration is required only of the fact "that such an offense was committed." Corroboration of the accused's criminal agency is not required. See Caldwell v. Commonwealth, Ky., 351 S.W.2d 867; Commonwealth v. Harrison, 241 Ky. 88, 43 S.W.2d 354; Stallard v. Commonwealth, Ky., 432 S.W.2d 401.

■ As their third contention the appellants argue that the trial court erred in submitting the case to the jury on the issue of their having aided and abetted Frank Ross in the commission of the charged offenses, because, they say, the evidence did not warrant such submission. Their proposition is that (1) a person cannot be convicted as an aider and abettor unless there is proof of the guilt of the principal, Bryant v. Commonwealth, Ky., 277 S.W.2d 55; (2) a person cannot be convicted of an offense on the uncorroborated testimony of an accomplice, RCr 9.62; (3) the only evidence of *Ross's* guilt as principal was the uncorroborated confession of Taylor and Brown, wherefore there was not sufficient proof to show Ross's guilt; (4) there being insufficient proof of Ross's guilt, Taylor and Brown could not be convicted as aiders and abettors.

The foregoing ingenious argument has plausibility but will not stand close analysis. The obvious reason for the rule requiring corroboration of the testimony of an accomplice, in order to *convict* a defendant, is to protect an alleged participant in a crime from being convicted solely on his being "fingered" by another alleged participant, because accusations by participants against each other tend to be unreliable. The rule is for the protection of the person so accused. But in the instant case the prisoners who are seeking the protection are the very ones who have pointed the accusing finger; they do not seek relief from someone else's accusation against them, but from their own self-accusation. We think that in this situation RCr 9.62 is not applicable, and that under the rule re-

quiring that proof of guilt of the principal be shown in order to sustain the conviction of aiders and abettors the testimony (or confessions) of the alleged aiders and abettors can supply the required proof of the guilt of the principal.

■ Appellant's fourth contention is that the trial court erroneously permitted the Commonwealth, after one of its witnesses had denied that the defendants had made certain incriminatory statements to her, to prove by other witnesses that she had told them of the statements. The witness in question was in court; she had testified and was available for cross-examination; the persons to whom she allegedly had repeated the defendants' statements to her were in court and available for cross-examination; and had she testified to the defendants' statements her testimony would not have been inadmissible as hearsay because it would have consisted of repeating admissions made by the defendants. Under these circumstances the evidence in question was admissible in accordance with the holding in Jett v. Commonwealth, Ky., 436 S.W.2d 788.

■ The appellants assert as their fifth contention that the trial court erred in not instructing the jury that neither defendant's confession could be considered against the other. The simplest answer to this is that they did not raise this point in any way in the lower court, wherefore they are not entitled to raise it on appeal. See Hartsock v. Commonwealth, Ky., 382 S.W.2d 861. More appropriately they might have argued (as amicus curiae undertakes to argue for them) that under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, neither confession was admissible at all on a joint trial since each man's confession inextricably involved the other. However, this argument also would fail, because the two confessions were substantially identical and the evidence indicated that each defendant assented to the other's confession at the time the confessions were made, so as to eliminate the problem of lack of confronta-

tion, with which *Bruton* was concerned. See 29 Am.Jur., Evidence, sec. 539, p. 591 (and supplement); United States ex rel. Catanzaro v. Mancusi, 2 Cir., 404 F.2d 296; People v. Rosochacki, 41 Ill.2d 483, 244 N.E.2d 136; State v. Hooper, 253 La. 439, 218 So.2d 551; Commonwealth v. Scott, Mass., 245 N.E.2d 415; People v. McNeil, 24 N.Y.2d 550, 301 N.Y.S.2d 503, 249 N.E.2d 383.

■ In a brief amicus curiae an attempt is made to raise a ground of error not asserted by the appellants. We will not rule on it. Cf. Young v. Young, Ky., 453 S.W. 2d 277. However, we observe that on its face it does not have substantial merit.

The judgment is affirmed.

All concur.