**Maxwell Harrison RALYA, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 20, 1973.

Rehearing Denied June 29, 1973.

Donald D. Harkins, Fred G. Greene, Harkins, Harkins & Wilson, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Chief Justice.

In January of 1972 the Muhlenberg Circuit Court Clerk discovered that 428 blank automobile operator's licenses bearing the consecutive numbers 7512121 through 7512548 were missing from a box kept in a filing cabinet in his office.

In March of 1972 the appellant, Ralya, was arrested in Fayette County while in possession of an automobile bearing a 1972 Muhlenberg County license plate numbered 708–215. He was carrying on his person a Kentucky operator's license numbered 7512329, one of those reported missing from the office of the Muhlenberg Circuit Court Clerk. At this time a check with the Muhlenberg County Clerk disclosed that a box of 100 unissued license plates consecutively numbered 708–201 through 708–300 had disappeared from his office.

Ralya was indicted for stealing the license plate, KRS 186.990(6), and for breaking and entering the office of the circuit court clerk, KRS 433.190, from which the operator's license had been taken. He was convicted of both charges and given a prison term of two years on each, to be served concurrently. He did not testify in his defense.

The basis for the appeal is Ralya's contention that the evidence was insufficient to support a conviction on either count.

■ It is elementary that the unexplained possession of stolen property is enough to support a conviction for the theft. Jones v. Commonwealth, Ky., 453 S.W.2d 564 (1970). However, the argument here is that the evidence was not sufficient to show that the clerk ever had possession of the license plate in question. All he knew was that he had 128 boxes supposedly containing 100 plates each, consecutively numbered, including box number 123, which was labeled as containing plates numbered 708–201 through 708–300, and that box number 123 disappeared from his office.

■ The essence of this point is that the evidence did not prove the corpus delicti. The rule on the sufficiency of circumstantial evidence to establish the corpus delicti is that it must be more consistent with guilt than with innocence. Goodman v. Commonwealth, Ky., 285 S.W.2d 146, 149 (1955); Dolan v. Commonwealth, Ky., 468 S.W.2d 277, 282 (1971). It was held in Taylor v. Commonwealth, 162 Ky. 498, 172 S.W. 957 (1915), that testimony of one who had superintended the loading of a freight car to the effect "that, *according to the bills*, there was loaded in said car 57 cases of shoes and 8 cases of hams" (emphasis added) was not enough to show that the shoes or the hams were ever actually in the car. The case bears some similarity to this, in that the county clerk never actually opened box number 123 and thus could not say with certainty that it contained plates 708–201 through 708–300. In fact, he conceded that upon previous occasions there had been discrepancies between what was shown on the outside of a box and what was found in it. Nevertheless, in evidentiary matters the law looks for reasonable probabilities. Even in a criminal case a jury may properly believe that which the evidence fairly indicates to have been reasonably probable. See Cissell v. Commonwealth, Ky., 419 S.W.2d 555, 557 (1967), and Hodges v. Commonwealth, Ky., 473 S.W.2d 811, 813–814 (1971). In this instance it seems quite unlikely to us that box number 123, which unquestionably was in the clerk's possession and was later removed without his authority, did not contain the license plate in question. Whether this viewpoint repudiates the result reached by the 1915 court in the *Taylor* case we need not say, the factual situations being somewhat different. Be that as it may, it is our opinion that in the absence of any other proof to the contrary the evidence was sufficient to convict.

 The same principle leads up to the opposite conclusion with respect to the breaking and entering of the circuit clerk's office, from which the driver's licenses were taken. While it does seem unlikely that anyone could surreptitiously have removed a handful of licenses from under the very noses of the clerk's staff during business hours, it is equally improbable that the job was accomplished by a forcible entry without some physical trace of how it was done. There simply was no showing whatever as to the manner in which the theft took place. Though possession alone will justify conviction of theft (if the theft is proved), it will not suffice to prove a breaking and entering. Little v. Commonwealth, 151 Ky. 520, 152 S.W. 569, 570 (1913).

The judgment is affirmed except as to the conviction for breaking and entering, in which respect it is reversed with directions that the appellant be granted a new trial in which, if the evidence be the same, he shall be entitled to a directed verdict of acquittal.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.