■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER SCHLICTEROLL, Also Known as PETIE, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered October 15, 1976, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and determined to have been established. The appellant and two codefendants were charged with burglary in the first degree. Prior to trial appellant moved for a severance and a separate trial; the motion was denied. During his direct examination, James Longtin, a witness called by the District Attorney, testified that he had been granted immunity from prosecution for the burglary, that he had driven the three defendants to the general area of the crime and that he had expected to share in any ill-gotten gains therefrom. Longtin then testified as to a conversation between himself and one of the codefendants in which he recited events of the night of the burglary. The appellant was not present during that conversation, but his alleged part in the burglary was set forth in great detail by the witness. As the People candidly concede, the admission into evidence of the statements implicating appellant, made by a codefendant who did not testify at the trial, is a clear violation of his Sixth Amendment right to confront his accuser (see *Bruton v United States,* 391 US 123). The testimony concerning the codefendant's statement was such that the jury could not avoid being influenced adversely as to this appellant, without affording him an opportunity to cross-examine the codefendant. Furthermore, the testimony of Longtin as to the statements made by the codefendant and the appellant does not serve to bring this case within the ambit of the principle of identical statements so as to obviate the right to a separate trial (cf. *People v McNeil,* 24 NY2d 550). Accordingly, we have

granted appellant a new trial. We also note a further error in that the trial court charged the jury that it, the jury, was to determine, as an issue of fact, whether the testimony of Longtin, the People's principal witness, was the testimony of an accomplice and thus subject to the special scrutiny that is to be accorded to accomplice testimony. Clearly, under the total circumstances herein, Longtin was an accomplice as a matter of law, and the jury should have been so charged. No other inference was possible on the basis of the evidence adduced at the trial *(People v Wheatman,* 31 NY2d 12). Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.