■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MINARICH, Also Known as BILLY MINARICH, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered October 15, 1976, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Upon the appeal by codefendant Peter Schlicteroll, this court reversed the judgment and ordered a new trial, holding that the trial court erred in admitting testimony by a codefendant who did not testify at the trial *(People v Schlicteroll,* 59 AD2d 545). That defendant's rights were found to have been violated under the Sixth Amendment to the United States Constitution, i.e., the right to confront his accuser (see *Bruton v United States,* 391 US 123). We also held that the "identical statements" principle was inapplicable and did not obviate the right to a separate trial (see *People v McNeil,* 24 NY2d 550). Further error was noted in the trial court's allowing the jury to determine as an issue of fact whether codefendant Longtin, the People's principal witness, was an accomplice. The jury should have been instructed that he was an accomplice as a matter of law and, consequently, that his testimony must be subjected to the requisite "special scrutiny" that is to be accorded an accomplice's testimony. Our holding in *People v Schlicteroll (supra),* however, is inapplicable to this appellant who, unlike Schlicteroll, was present at the conversation testified

to by the accomplice at which the events of the night's burglary were recited. There existed sufficient, independent corroboration of this appellant's guilt provided by (1) the testimony of Kenneth Muller relating to conversations with appellant and codefendant Christopher Minarich, wherein certain admissions were made, and (2) the retrieval of the bats and ski masks. The rationale for our reversal in *Schlicteroll* is thus not here present. Cohalan, J. P., Hawkins and Suozzi, JJ., concur; Titone, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: Despite the existence of Kenneth Muller's testimony, which conceivably constitutes sufficient independent corroborative evidence of appellant's guilt, in the interest of justice the judgment of conviction should be reversed and a new trial ordered. With respect to Muller, it is speculative at best to hold that the jury accepted his testimony as sufficient independent corroborative evidence of appellant's guilt since Muller (1) testified after a promise of immunity, (2) had in the past signed two statements implicating appellant, Billy Minarich, in a crime and then withdrew them claiming they were false, and (3) had previously committed a burglary with appellant. In view of such circumstances, it is entirely possible that the jury might well have refused to believe Muller's testimony. Thus, from this vantage point, it cannot be ascertained whether the jury convicted appellant solely on Muller's or Longtin's testimony, or on a combination of both. Not knowing the basis for such determination, it thus cannot be stated with any reasonable degree of certainty that the jury would have returned a guilty verdict as to appellant had the court charged that Longtin was an accomplice as a matter of law (cf. *People v Bell,* 32 AD2d 781, 782). In my opinion, and despite the possible existence of sufficient independent corroborative evidence of appellant's guilt, for this court to be consistent with out determination in *People v Schlicteroll* (59 AD2d 545), and because the interest of justice compels equal consideration of appellant, this court should likewise reverse this conviction and order a new trial.