## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

George Calvin Haynes

January 24, 1983

Case No. 8363

By JUDGE BERNARD G. BARROW

This matter is pending before the court on the defendant's motion to set aside the jury verdict of guilty to the indictment of burglary tried on October 27, 1982. During that trial the Commonwealth introduced, over the defendant's objection, a written confession by the defendant. The defendant contends that the confession was not voluntary and was therefore inadmissible.

On November 13, 1981, the defendant was taken in custody after being arrested for certain traffic violations. The defendant was advised also that he was under suspicion for a charge of burglary, and he was taken to Police Headquarters. Upon being advised of his constitutional rights, the defendant advised the detective who had arrested him that before making any statements he wished to "make a deal." The detective advised that he had no authority to make any deal and that only the Commonwealth's Attorney had such authority. In response to the defendant's insistence, an Assistant Commonwealth's Attorney came to Police Headquarters and conferred with the defendant. He told the defendant that he would be charged with burglary but that certain other charges, that is forgery and larceny, which were being considered, would not be brought at that time if the defendant agreed to work for the Police Department as an informant. Furthermore, after determining that the defendant could arrange to post a $1,000 bail bond for his appearance, the Assistant Commonwealth's Attorney agreed that he would recommend

to the Magistrate that such a bond be set on the burglary charge. Subsequent to these discussions, the defendant made the written confession of which he now complains.

In order to be admissible into evidence, an incriminating statement must be "free, voluntary, and without compulsion or inducement of any sort." *Bram* v. *United States*, 168 U.S. 532 (1897). Consequently, a statement given in response to a threat that other charges would be brought against near relatives if such a statement was not given is inadmissible. *Hammer* v. *Comm.*, 207 Va. 135 (1966).

However, any statement given freely and voluntarily without any compelling influences is admissible into evidence. *Miranda* v. *Arizona*, 384 U.S. 436, 478 (1966). More specifically, where a promise by a prosecutor is consistent and compatible with a defendant's exercise of a free and voluntary confession, such confession is admissible. *Burton* v. *Peyton*, 210 Va. 484 (1970); *Taylor* v. *Comm.*, 461 S.W.2d 920 (1970); and *United States* v. *Williams*, 447 F. Supp. 631 (D. Del. 1978).

In the present case the defendant initiated by his own solicitation the concessions of the Assistant Commonwealth's Attorney. Prior to that, no threats or promises were made to the defendant. The Commonwealth, through its agents, did not offer the defendant any promises in exchange for his statement. On the contrary, it might be said that the defendant offered to the Commonwealth promises of his own in exchange for the Commonwealth's agreement not to prosecute him for other offenses. The written statement was freely and voluntarily given by the defendant and was admissible into evidence.

Therefore, for the reasons stated in this letter and at the various hearings held in connection with the defendant's motion to set aside the jury's verdict, I am of the opinion that the motion should be denied.