OPINION OF THE COURT
Fred W. Eggert, J.
The following constitutes the decision and order of the court on defendant Eulogio Cruz’ motion for a mistrial and severance.
This case presents the question whether the “interlocking confessions” exception to the rule in Bruton v United States (391 US 123) applies when a codefendant at a joint trial makes a confession to the authorities implicating the defendant and the defendant makes an “interlocking” admission to a private citizen acquaintance, rather than to the authorities.
Bruton (supra) holds that it is error to permit a defendant to be tried jointly with a codefendant where the codefendant has made a confession which will be introduced against him and which also implicates the defendant (assuming the codefendant does not testify). This is because the defendant has no way of cross-examining his *1081 codefendant as to this damaging testimony, and it would be futile for the court to give instructions limiting the codefendant’s statements to the codefendant himself.
Nevertheless, our Court of Appeals has long recognized an exception to Bruton, “where each of the defendants has himself made a full voluntary confession which is almost identical to the confessions of his codefendants” (People v McNeil, 24 NY2d 550, 552). This exception, which was approved by a plurality of the Supreme Court of the United States in Parker v Randolph (442 US 62), would permit receipt of the codefendant’s confession at a joint trial, with instructions that it is evidence against the codefendant only.
The pertinent facts are as follows:
The two codefendants, Benjamin and Eulogio Cruz, who are brothers, are charged with felony murder and robbery in connection with a gas station holdup in which Benjamin allegedly shot and killed the attendant while Eulogio actively participated in the holdup. The only evidence connecting Eulogio with the crime is the testimony of his acquaintance, Norberto Cruz (no relation) that shortly after the crime both Cruz brothers came to Norberto and boasted of their involvement in the holdup and admitted their full criminal liability. Many months later, after Norberto had had a falling out with the Cruz brothers, he revealed these admissions to the police while the police were conducting another investigation. Norberto was not a suspect in this or any other crime at that time and there is no claim that he was offering these revelations in return for lenient treatment from the police. Eulogio made no statement to law enforcement authorities.
Benjamin made a statement to the police and then a more detailed statement on video tape to an Assistant District Attorney. In his statements he admits that he was the shooter and gives a detailed account of his brother Eulogio’s participation in the crime. These statements by Benjamin are being received as evidence against Benjamin at the trial. Benjamin is not testifying at the trial.
The two statements interlock fully as to the details of the crime and as to the full liability of each defendant for the crimes charged. The significant difference between the *1082 statements is as follows: while there is no dispute that Benjamin’s video tape statement was actually made, Norberto’s account of his conversation with the Cruz brothers is being attacked as a fabrication.
Eulogio moved for a severance prior to trial and this court denied the motion with leave to renew at the close of the trial evidence. At the end of the trial evidence Eulogio moved for a mistrial and renewed his motion for a severance.
To determine whether the “interlocking confessions” exception applies to confessions made under the radically different circumstances present in this case, we turn to the oft-stated rationale for this exception: “The justification for this exception is that separate confessions, without being mirror images of one another, may yet be so duplicative in their description of the crucial facts that the one of the nontestifying codefendant may be of no measurable consequence in the face of the overwhelming and largely uncontroverted evidence contained in the interlocking confession of the defendant himself” (People v Berzups, 49 NY2d 417, 425). Consequently, the exception only applies where the contents of the two confessions fully interlock as to the facts, or at least interlock to the extent that the defendant is unambiguously admitting criminal liability for the crime charged (People v Berzups, supra, p 426).
For example, in People v Smalls (55 NY2d 407) the codefendant made a confession in which he directly implicated the defendant as a knowing participant in the crime, while the defendant, on the other hand, made a confession which was ambiguous as to his knowing participation. The Court of Appeals held that it was error to jointly try the defendant and codefendant and admit the codefendant’s confession because of the danger that the jury might have resolved the ambiguities in the defendant’s confession by reference to the codefendant’s confession. Thus, the codefendant’s confession, which was not subject to cross-examination, would have added substantially to the case against the defendant (see, also, People v Burns, 84 AD2d 845).
It is clear that the interlocking confessions exception requires the confessions to interlock as to content. However, there does not appear to be any requirement in the *1083 case law that they interlock as to anything else, such as the persons to whom the confessions were made, the circumstances of making, and the reliability of the evidence that the confessions were actually made (see People v Woodward, 50 NY2d 922).
In the instant case, defendant Eulogio Cruz argues that “interlocking” as to content is not enough. Here, Eulogio contends that he never made a confession to Norberto, and claims that Norberto made up the whole story out of malice and other unworthy motives. However, in view of the video taping, it is undisputed that Benjamin did in fact make an interlocking confession implicating Eulogio. Therefore, defendant argues that the reasoning of People v Smalls (supra) should apply with equal force, since there is a grave danger that a jury would resolve any doubts about whether Eulogio in fact confessed to Norberto by making reference to Benjamin’s video confession.
While this argument may appear to have some merit it is the same argument unsuccessfully raised by the dissenters in the leading cases which established the interlocking confessions exception at the State and Federal levels. In People v McNeil (24 NY2d 550, 555-556, supra), Chief Judge Fuld pointed out in his dissent that if there is a question about the truth or voluntariness of a defendant’s confession, a jury might improperly resolve that doubt by reference to a codefendant’s confession. In Parker v Randolph (442 US 62, 84-85, supra), Justice Stevens’ dissent posed the hypothetical situation in which a codefendant confesses on live television and implicates the defendant, while the defendant himself makes an “interlocking confession” which is vaguely recalled by a drinking partner, former cellmate, or a divorced spouse. Notwithstanding these arguments, the highest courts of this State and Nation have recognized an interlocking confession rule which does not depend on the reliability of the defendant’s own confession.
In Tamilio v Fogg (546 F Supp 364), the petitioner argued that under Parker u Randolph (supra), the interlocking confessions exception does not apply if the defendant attacks his own alleged confession as a fabrication. *1084 The District Court (Nearer, J.) rejected that interpretation of Parker on the ground that it would allow any defendant to avoid the interlocking- confessions rule by merely disclaiming his own confession. (The court did grant habeas corpus relief on the grounds that the confessions were not fully interlocking and because the fact that the petitioner’s alleged confession was a highly suspect confession to a cellmate added to the prejudice caused by the improper receipt of the codefendant’s confession at the joint trial [see People v Santanella, 63 AD2d 744].)
As a final note, in this case defendant Eulogio Cruz’ confession to Norberto is not so utterly unreliable as to render the use of the codefendant’s video taped confession inherently prejudicial. While Norberto, not surprisingly, made no immediate outcry about his then friend’s startling revelations, his testimony could easily have been credited beyond a reasonable doubt by a jury, regardless of the video taped confession by Benjamin, which itself was vigorously attacked at the trial by Benjamin, who contended that it had been coerced and staged by the police.
Accordingly, defendant Eulogio Cruz’ motion for a mistrial and severance is denied.