Kaye, J.
(dissenting). With respect to People v Cruz, today’s decision falls far short of the standards recognized by the majority. The concern expressed in Bruton v United States (391 US 123) was that substantial weight would impermissibly be added to the government’s case if a codefendant’s powerfully incriminating extrajudicial statements, not subject to cross-examination by defen *75 dont, were admitted at a joint trial. The exception to the Bruton rule for "interlocking confessions” rests on the premise that where two confessions are virtually identical, the jury in assessing defendant’s guilt gains little or nothing from the codefendant’s confession. But confessions do not interlock if the codefendant’s confession may be used to fill material gaps in the necessary proof against defendant.
By no stretch of the imagination can it be said that the 22-min-ute videotaped confession of defendant’s brother to the prosecution — inadmissible against defendant — added no substantial weight to the government’s case against defendant or did not fill material gaps in the necessary proof against him. The only direct incriminating evidence against defendant was his alleged statement to Norberto (see, People v Cruz, 119 Misc 2d 1080, 1084), recapitulated in one question and answer during Norberto’s brief testimony:
"Q. What did [defendant] tell you?
"A. That they had gone to give a hold up to a gas station and that he started struggling with him.
"the court: Excuse me, speak up. Raise your voice.
"A. He started fighting with the man and the man bent down. He took out a gun and fired and then Benjamin jumped up and fired at the man in the gas station.” Norberto had a prior record; worked intermittently "on the street” as a mechanic and received welfare payments for his family of six; accepted money from his brother, Jerry, who lived with him, though he testified he had no notion of how Jerry got that money; testified earlier that Benjamin — not defendant — had made the confession to him; and most significantly, reported nothing of defendant’s alleged statement to him for five months, until after his brother Jerry had been murdered and defendant, in Norberto’s words, "tried to take me to the place where they had killed my brother.”
The videotape played to the jury, by contrast, was a 22-minute depiction of the crime by defendant’s own brother, explicitly detailing his role as well as defendant’s. In its reliability it was so overpowering that it necessarily added credibility to Norberto’s testimony, and erased the indicia of nonreliability. As an example, while Norberto in his testimony related only that Benjamin and defendant had gone to hold up the gas station, Benjamin in his confession stated that several persons, including Norberto’s brother Jerry, had done many holdups together including the one *76 in issue. This clear statement* of Jerry’s complicity explained for the jury not only why Norberto had not come forward with defendant’s statement for five months, but also why defendant and Benjamin would have gone to Jerry’s residence just after the crime. The jury could hardly have avoided looking to Benjamin’s confession to resolve any doubts about whether his brother had in fact confessed to Norberto.
The issue is simply whether on these facts there should have been a severance. I do not find in the prior decisions of this court the per se rule now established by this case that even an enormous disparity in reliability is not to be considered as a factor in deciding whether confessions interlock. In particular cases where there is a patent danger, as there was here, that the jury may from the inadmissible evidence, impermissibly draw evidence establishing defendant’s guilt, then the viable alternative of ordering separate trials should be followed. The rationale of Bruton is otherwise rendered meaningless. I would reverse the order below and order a new trial.
In People v Cruz: Order affirmed.
Chief Judge Wachtler and Judges Jasen and Titone concur with Judge Simons; Judge Kaye dissents and votes to reverse in a separate opinion in which Judge Meyer concurs; Judge Alexander taking no part.
In People v Brims: Order affirmed.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye and Titone concur; Judge Alexander taking no part.

 Without Benjamin’s vivid exposition, the only evidence to fill this logical gap is Norberto’s meaningless, or at best ambiguous, comment that he did not come forward sooner because his brother "had the event”.